## RIGHT OF INFANT FEMES COVERTS TO CONVEY PROPERTY IN OHIO.

Common Pleas Court of Summit County.

RUSSELL GIGGER v. FRANCES COMPTON KELLY, ET AL.

Decided, October, 1923.

*Constitutional Law—Act Raising the Majority of Females to Twenty-one Years—Not a Bar to Conveyance of Property Acquired before said Act Became Effective.*

Section 8023, General Code, raising the age of majority of all persons in this state to twenty-one years, is violative of the due process of law clause of the Federal Constitution, and also of Section 19 of Article 1, of the State Constitution making rights in private property inviolable, in so far as said act divests infant *femes coverts* of the right to convey property the title to which vested in them prior to the effective date of said act, which was July 18, 1923.

KENFIELD, J.

The plaintiff filed his petition in this court agaist the defendants, Frances Compton Kelly and Robert T. Kelly, her husband, which shows that on June 7th, 1923, Frances, then eighteen years of age, became the owner by inheritance of an undivided one-half interst in three parcels of real estate situated in the city of Akron, subject to the dower interest of the plaintiff therein, the plaintiff then and now being the owner of the other undivided one-half interest. On August 10th, 1923, the plaintiff and the defendant, Frances, entered into an agreement in writing whereby the plaintiff agreed to pay to Frances the sum of $2,250 in money, and to convey to her by a good and sufficient deed his undivided one-half interest in parcel No. 3 of said real estate. In consideration thereof Frances agreed to convey by good and sufficient deed to the plaintiff her undivided one-half interest in parcels Nos. 1 and 2.

The plaintiff is able, ready and willing to pay the said sum of $2,250 and is able, ready and willing to execute and deliver a deed conveying the undivided one-half interest, in parcel No.

3, and has offered so to pay said sum, and convey said undivided one-half intereest, but the defendant Frances ever since the date of said agreement has refused to accept said payment of money or said conveyance, and has refused to execute and deliver her deed conveying to the plaintiff her undivided one-half interest in parcels Nos. 1 and 2.

Robert T. Kelly, husband of Frances, joined in the agreement with her agreeing to convey his right of dower interest in said premises.

The defendants, Frances and Robert T. Kelly, for their answer to the petition admit all the allegations, averments and statements therein contained, but deny that said Frances had sufficient capacity to enter into or execute said agreement by reason of non-age, to-wit 19 years.

Ernest L. Cunningham, guardian for Frances, also files an answer in substance the same as that filed by Frances and her husband, Robert T. Kelly. To these answers the plaintiff filed a demurrer, and for cause say "that the answers of the defendants and of said guardian do not constitute a defense to the cause of action."

The question presented arises under a recent act of the General Assembly effective July 18th, 1923, amending Section 8023 General Code, changing the age of majority for females from 18 to 21 years.

From June 7th, when she became the owner, until July 18th, the day the above law became effective, Frances had the undoubted right to sell or contract to sell her interest in the property, and convey to the purchaser a good title. This was a vested right. Did she lose this right upon the taking effect of the law of July 18th, or is this right of disposition of her property protected by the Federal or state Constitution against impairment by the General Assembly?

By the word property is meant not the land itself, but the "right of user, the right of exclusion, and the right of disposition. * * * A person's right of property therefore consists of the right to possess, use and dispose of it in such manner as

is not inconsistent with law." *Callen* v. *Electric Light Co.*, 66 O. S., 166, 176.

Property being therfore the right of disposition, to hold that the act takes from Frances that right which she possessed before the act became effective, would be violative of the due process of law clause of the Federal Constitution, and would also infringe Section 19 of Article 1 of the Ohio Constitution, which secures the inviolability of private property. *Crump* v. *Guyer*, 2 A. L. R. 331 (Okl.), is in point.

The demurrer is therefore sustained and defendants have exception.